IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDDIE WILLIAMS,                          :
                                         :
            Petitioner,                  :
     v.                                  :        3:20-CV-908
                                         :        (JUDGE MARIANI)
SUPERINTENDENT, SCI                      :
GREENE, *et al.*,                        :
                                         :
            Respondents.                 :

## MEMORANDUM AND ORDER

Respondents' Motion to Clarify and Close Case (Doc. 65) is pending before the

Court. Respondents first request that the Court enter an order "certifying that the conditions

that provided the basis for the grant of the writ are met and that this federal matter is,

therefore, closed." (*Id.* at 1.) Respondents alternatively request that the Court enter an order

extending the established 60-day deadline for Mr. Williams release or retrial by another 60

days, i.e., until January 3, 2023. (Doc. 65 at 15.)

The Court's September 9, 2024, Order conditionally granted "Petitioner Williams Writ

of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254" (Doc. 64 ¶ 2), directed that

"Williams' conviction shall be vacated and the Commonwealth shall either release or retry

Williams within 60 days of the date of this Order, or Williams shall be released from

custody," (*id.* ¶ 3), and directed the Clerk of Court to close the case (*id.* ¶ 4).[1] This Order

_____

[1] The Court's September 9, 2024, Order is that proposed by Respondents. (*See* Doc. 61-3.) The
proposed order was attached to Respondent's August 28, 2024, correspondence in which the

implemented the Judgment of the Court of Appeals for the Third Circuit issued on August

13, 2024, which

> ORDERED and ADJUDGED that the District Court's May 3, 2022, Order granting Eddie Williams's petition for writ of habeas corpus is hereby AFFIRMED. This case is REMANDED with instructions that the District Court order Mr. Williams' release or retrial within 60 days.

(Doc. 63 at 1-2.)

In explanation of the grounds for the relief sought, Respondents provide information

about the status of the case in the Lebanon County Court of Common Pleas. On October

17, 2024, the parties agreed on a June 9, 2025, trial date. (Doc. 65 at 5.) Respondents filed

the Motion based on issues that arose at an October 23, 2024, hearing in the Court of

Common Pleas at which, Attorney Michael Wiseman, Mr. Williams' state-court defense

attorney, the District Attorney, and Mr. Williams were present. (*Id.*) Respondents explain

that

> [d]uring the proceedings petitioner indicated his belief that he must be released when the 60 days noted in the conditional writ expired. It was clear that petitioner did not understand that he had already been released from his sentence. Petitioner further indicated that he plans to hire a new lawyer. Because petitioner had not yet obtained new counsel, the trial court ruled that Attorney Wiseman could not yet withdraw. And, further, the court did not rescind the trial schedule that was currently in place, so to ensure that this matter continues moving forward, while the court awaits clarification regarding the availability of new counsel. Upon the entry of appearance by new counsel, the court would revisit scheduling.

---

Commonwealth confirmed that it did not intend to seek certiorari review of the Circuit Court's decision and, "[i]n accordance with the Third Circuit's Opinion and Order, the Commonwealth agrees that the stay in this matter should be lifted and an order conditionally granting the writ and directing Williams' 'release or retrial within 60 days' should issue." (Doc. 61 at 1.)

> At this point, it is clear that the language in the conditional grant of the writ has created confusion in the state proceedings. Because petitioner has already been released from custody pursuant to his 2015 conviction, the Commonwealth has complied with this Court's order and the Third Circuit's directive. Respondents request an Order clarifying this point and directing that this matter be closed.

(Doc. 65 at 5-6.)

This summary demonstrates that the basis for Respondents' request for clarification is the proposition that, because the Lebanon County Court of Common Pleas has vacated petitioner's conviction and sentence, he is no longer detained pursuant to that sentence and should, therefore, be considered to be released from custody as directed by the Court's September 4, 2024, Order (Doc. 64) and the Circuit Court's mandate (Doc. 63 at 1-2), and further, Mr. Williams is incorrect that the established deadline has any further implication for state court proceedings. The issue before the Court is whether the change in the reason for Mr. Williams' detention can be considered the release from custody contemplated in the Third Circuit's mandate (Doc. 63) and this Court's September 4, 2024, Order (Doc. 64).

Mr. Williams has not lodged a complaint in this Court about the trial date nor filed a request for release. However, because the information set out above indicates allegations of an imminent situation of noncompliance with the Court's September 4, 2024, Order (Doc. 64), the Court will exercise jurisdiction over the pending Motion. This determination is based on the Circuit Court's recognition that the district court has ongoing jurisdiction to address alleged noncompliance with a conditional writ of habeas corpus. *Gibbs v. Frank*, 500 F.3d

202, 205 (3d Cir. 2007) (*Gibbs II*) (citing *Mickens-Thomas v. Vaughn*, 355 F.3d 294, 303 (3d Cir. 2004); *Phifer v. Warden*, 53 F.3d 859, 865 (7th Cir. 1995)).

Although the Court exercises jurisdiction over the pending Motion based on the underlying issue regarding compliance with the Court's September 4, 2024, Order (Doc. 64), the Court disagrees with Respondents' interpretation of the Court's Order (Doc. 64) and the Circuit Court's mandate (Doc. 63 at 1-2). The Court's disagreement is based on the Circuit Court's interpretation of its conditional habeas mandate in *Gibbs II* which considered the District Court's denial of a successful 28 U.S.C. § 2254 habeas petitioner's application for release. There, the Circuit Court had previously conditionally granted the writ and the petitioner alleged that he should be released because he had not been released or retried within the time period specified in the District Court's order. *Id.* at 203. The Circuit Court in *Gibbs II* identified "the primary issue presented in th[e] appeal [to be] whether the District Court complied with this Court's earlier mandate 'to grant Gibbs' petition for a writ of habeas corpus and require the state to either release Gibbs or retry him within a specified time period.'" *Id.* at 203 (quoting *Gibbs v. Frank*, 397 F.3d 268, 277 (3d Cir. 2004) (*Gibbs I*)). As explained in *Gibbs II*,

> [t]he District Court set this time period at 120 days, but Gibbs' retrial did not take place within that time frame. The District Court excused this delay because it concluded that the delay was due in large part to Gibbs' own actions. The secondary issue presented in this appeal is whether the District Court properly interpreted its own order establishing the time period of 120 days to include an extension under state procedural rules for the filing of several pre-trial motions. We agree that the District Court complied with our prior mandate and properly

4

exercised its discretion in excusing the brief delay in the Pennsylvania state court system. We will therefore affirm.

500 F.3d at 203.

Important for purposes of the Motion before this Court, although Mr. Gibbs' criminal homicide conviction and sentence had been vacated and the case was set for trial, *see, e.g.*, 500 F.3d at 204, *Gibbs II* did not discuss the possibility that the "release" option of the mandate had been satisfied when the criminal homicide conviction was vacated and Mr. Gibbs was not in custody pursuant to that conviction but was detained pending retrial. Rather, *Gibbs II* discussed compliance with its *Gibbs I* mandate only in terms of when the trial was directed to commence and why it did not commence as directed. *See id.* In other words, the Circuit Court's inquiry focused on *why* the trial did not *take place* within the required timeframe. This analytical focus undermines Respondents' position that the change in custody status from convicted inmate to pretrial detainee is dispositive of the compliance issue.

In sum, *Gibbs II* did not consider whether the fact that Mr. Gibbs was not in custody pursuant to his criminal homicide conviction equated with the "release" aspect of the mandate and focused solely on the reason Mr. Gibbs was not retried in the prescribed time. Based on the *Gibbs II* analysis, this Court will not interpret the Circuit's mandate in this case to support a conclusion that the fact that Mr. Williams is not detained pursuant to the sentence imposed on his 2015 homicide conviction satisfies the "release" aspect of the mandate and this Court's Order. Therefore, insofar as Respondents ask the Court to clarify

that the Commonwealth has complied with the Court's September 4, 2024, Order and the Circuit Court's Mandate (Doc 63), the Motion will be denied.

Respondents' related request that the Court's order indicate that this federal matter is closed will be deemed moot. As noted above, this case was closed with the Court's September 4, 2024, Order (Doc. 64 ¶ 4) and jurisdiction over the pending Motion is based on the Court's ongoing jurisdiction to address alleged noncompliance with a conditional writ of habeas corpus. *Gibbs II*, 500 F.3d at 205 (citations omitted).

Turning to Respondent's alternate request to extend the established 60-day deadline by 60 days or until January 3, 2025, (Doc. 65 at 15), the Court concludes that a limited extension is appropriate given the procedural posture of the Lebanon County Court of Common Pleas case. As with Respondents' clarification request, *Gibbs II* is instructive on assessing the propriety of a requested extension of time for complying with the Court's conditional writ. While the mandates in this case and in *Gibbs* differ, the Circuit Court's explanation of the meaning of its original mandate applies to this case. In *Gibbs I,* the directive was to "release Gibbs or retry him within a specified time period," 387 F.3d at 277. As to retrial, *Gibbs II* explained its mandate to mean "that retrial take place within a 'specified time period'" and that a reasonableness requirement was implicit in "specified." 500 F.3d at 207 (emphasis added).

In addressing the petitioner's argument that he should be permanently released because the commonwealth did not retry him within 120 days, *Gibbs II* first concluded that

6

the 120-day time set by the District Court was reasonable. *Id.* at 206-07. The Court then

addressed the issue of "whether the District Court abused its discretion by interpreting its

own time period of 120 days to include a reasonable period of excusable delay." *Id.* at 207.

After finding that "this issue breaks down into two sub-issues, one primarily legal and the

other primarily factual," *id.* at 207, the Court identified the legal sub-issue to be whether "the

District Court had any discretion to excuse the Commonwealth from strictly complying with

the District Court's initial 120–day time period," *id.* The Court held that "so long as its actions

are reasonable under the circumstances, a district court has the authority to alter the time

period it originally sets for retrial to commence pursuant to a grant of conditional habeas

relief." *Id.* (relying on *Schlup v. Delo*, 513 U.S. 298, 319 (1995) (acknowledging that the

Court has "adhered to the principle that habeas corpus is, at its core, an equitable remedy");

*Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("As an equitable remedy, a federal court has

wide latitude in setting the time period for conditional relief.").[2]

In support of its holding, *Gibbs II* adopted the general reasoning set out in *Phifer v.*

*Warden*, 53 F.3d 859 (7th Cir. 1995) that

> "[c]onditional orders are essentially accommodations accorded to the state.
> They represent a district court's holding that a constitutional infirmity justifies
> [the] petitioner's release. The conditional nature of the order provides the state
> with a window of time within which it might cure the constitutional error. Failure

---

[2] *Gibbs II* also noted its agreement with the Seventh Circuit that "[i]n light of the broad discretion a district court possesses in fashioning a conditional order, . . . it logically follows that this discretion 'includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency.'" 500 F.3d at 208 (quoting *Gilmore v. Bertrand*, 301 F.3d 581, 583 (7th Cir. 2002) (per curiam)).

to cure that error, however, justifies the district court's release of the petitioner." 53 F.3d at 864-65. The Seventh Circuit in *Phifer* further noted that "[a] conditional order's framework contemplates that a district court will eventually make an assessment concerning compliance with its mandate." *Id.* at 865; *see also Smith v. Lucas,* 9 F.3d 359, 366–67 (5th Cir.1993) ("In the conditional writ cases, the federal court has determined that it has the authority to order immediate release of the prisoner as a result of the federal law violation; the court chooses, however, to delay the writ to allow the state to correct the problem as best it can.").

500 F.3d at 208.

The foregoing authority clarifies that the conditional writ's prescribed time-period for retrial is the time within which the new trial is to commence and, where the federal court issuing the retrial order is faced with a claim that neither retrial nor release from custody has occurred within that time, the court will make an assessment concerning compliance with its order and retains the authority to release the prisoner. It also clarifies that the issuing court has discretion to grant additional time beyond that set out in the original mandate/order. Further, the ability to grant additional time implicitly contains a requirement that the additional time be reasonable under the circumstances.

Here, the Court has not been asked to, and will not *sua sponte*, attempt to factually ascertain whether the delay in the state trial which is now scheduled for June 9, 2025, (Doc. 65 at 5) is reasonable.[3] However, given the current record before this Court, the procedural posture of the Lebanon County Court of Common Pleas case, the uncertainty associated

---

[3] The Court notes that when a district court considers the reasons for the delay in retrying the defendant in state court "[a]ny delay brought about by a continuance request from the defense" should not be included in the specified timeframe. *Gibbs II,* 500 F.3d at 210.

with Mr. Williams trial counsel (*see* Doc. 65 at 6, 14-15), and the Court' discretion "'to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency,'" 500 F.3d at 208, the Court will grant Respondents' request for an additional 60 days to either commence retrial or release Petitioner.

**ACCORDINGLY, THIS** _____ **DAY OF OCTOBER 2024**, upon consideration of Respondents' Motion to Clarify and Close Case (Doc. 65) and all relevant documents, for the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **DENIED** as to the clarification sought by Respondents;

2. The Motion is **DEEMED MOOT** as to Respondents' request to order that this federal matter be closed;

3. The Motion is **GRANTED** as to Respondents' request for an extension of the time period set forth in the Court's September 4, 2024, Order (Doc. 64 ¶ 3);

4. The previously established deadline is extended to **January 3, 2025**.

_____

Robert D. Mariani
United States District Judge